IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,                      No. 2:11-cv-0320 FCD KJN

     v.

Approximately $20,000 in U.S. CURRENCY,

     Defendant.                FINDINGS AND RECOMMENDATIONS
_____/

        On May 3, 2011, the Clerk of the Court entered default against Audrey McClellan. (Dkt. No. 15.)  On May 9, 2011, Ms. McClellan appeared in this action and filed a document entitled "Motion to Set Aside Clerk's Entry of Default - Plaintiff Consenting."  (Dkt. No. 16.)[1] Ms. McClellan states that plaintiff has consented to set aside her default in this action (but not the two related cases bearing the numbers 2:11-cv-00091-FCD-KJN and 2:11-cv-00099-FCD-KJN, respectively) on the condition that Ms. McClellan submit a verified claim and answer with her request.  (Dkt. No. 16 at 1-2.)  A review of the court's docket reflects that Ms. McClellan filed both a verified claim and an answer on the same day she filed the pending motion to set aside the clerk's entry of default.  (Dkt. Nos. 17, 18.)

---

[1] This matter proceeds before the undersigned pursuant to Eastern District Local Rule 302(c)(3).

1

1         The Federal Rules provide that a "court may set aside an entry of default for good cause . . . ." Fed. R. Civ. Pro. 55(c).  To determine "good cause", a court must "'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party.  [Citation.]  This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)).  Crucially, however, "a case should, whenever possible, be decided on the merits." Id.

        Here, Ms. McClellan's motion was not set for a hearing date, let alone set to be heard after the 28 day's notice typically required for civil law and motion matters.  E.D. Local Rule 230(b).  Ms. McClellan's motion also did not include a signed stipulation confirming plaintiff's consent to set aside the default.  E.D. Local Rule 143(a)(1).  Nevertheless, it appears plaintiff has agreed to the setting aside of the clerk's entry default as against Ms. McClellan.  If Ms. McClellan has accurately represented plaintiff's consent to setting aside the clerk's entry of default against her, the undersigned cannot see a reason to recommend denial of the pending motion.  To date, plaintiff has not filed an opposition to Ms. McClellan's motion to set aside the clerk's entry of default.  Accordingly, the undersigned recommends that the clerk's entry of default as against Ms. McClellan be set aside.  If plaintiff takes issue with Ms. McClellan's characterization of plaintiff's agreement to set aside the clerk's entry of default against her, plaintiff shall have the opportunity to object to these Findings and Recommendations as described below.

////

////

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

The clerk's entry of default as against Ms. McClellan dated May 3, 2011 (Dkt. No. 15), be set aside in the case bearing the number 2:11-cv-00320-FCD-KJN.  The setting aside of Ms. McClellan's entry of default in this case shall not alter the various clerk's entries of default in the two related cases bearing the numbers 2:11-cv-00091-FCD-KJN and 2:11-cv-00099-FCD-KJN, respectively.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: May 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3